IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA E. BROOKS, *for* *Jesse W. Brooks Estate*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No: 3:14-00159 ) Judge Sharp/Bryant ) |
| UNITED STATES VA ADMINISTRATION | ) ) ) |
| Defendant. | ) |

**To: The Honorable Chief Judge Kevin H. Sharp**

## REPORT AND RECOMMENDATION

### I.  Introduction

The *pro se* plaintiff brought this action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA"), seeking damages and alleging that medical providers with the Department of Veteran's Affairs (VA) failed to diagnose her husband's cancer, resulting in his wrongful death (Docket Entry (DE) 1). By order dated January 29, 2014, the case was referred to the Magistrate Judge to recommend ruling on any dispositive motion (DE 7).

As a threshold matter, the VA, as an executive department, is considered a "federal agency." 28 U.S.C. § 2671. Federal agencies are not proper parties under the FTCA, pursuant to 28 U.S.C. §§ 2679(a), 1346(b). Instead, a claim such as the one herein must be brought against the United States. Construing the plaintiff's claim broadly, however, the Magistrate Judge **RECOMMENDS** that the Court terminate the "United States VA Administration" as a defendant and insert the United States as the proper defendant. The case is currently pending on

the defendant's motion to dismiss and the defendants have filed a memorandum in support of the motion (DE 21-22), to which the plaintiff has responded (DE 30). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss be **GRANTED** and that this action be dismissed with prejudice**.**

## II. Background

The plaintiff argues that her husband received inadequate care at the VA medical center and that the VA medical providers failed to address her husband's symptoms, leading to the delayed diagnosis of his cancer (DE 1, pp. 2-3). She argues that in February 2011, "they finally did an x-ray," and discovered that her husband had lung cancer (DE 1, p. 2). However, she argues that an x-ray completed in 2006 "showed problems in [her husband's] lungs," but that a physician's assistant never reported these problems to the plaintiff's husband and never referred him to a pulmonary physician (DE 20, p. 1; DE 30, p. 3). The plaintiff includes a copy of this 2006 x-ray report in her response to the motion to dismiss and reiterates therein that her husband had no subsequent x-ray until 2011 (DE 30-1, p. 1). The report indicates that an "interstitial prominence within the *left* lung base….has not changed since [the] prior study and is consistent with fibrosis.[1] Hyperinfiltration[2] is consistent with [Chronic Obstructive Pulmonary Disease]."[3] (DE 30-1, p. 1) (emphasis added). The death certificate for the plaintiff's husband lists "lung cancer" as the immediate cause of death (DE 1, p. 4). The plaintiff argues that her husband's

---

1 Dorland's Illustrated Medical Dictionary 704 (Elsevier 2012) (1900) (Fibrosis: "the formation of fibrous tissue, as in repair or replacement of parenchymatous elements.").

2 Dorland's Illustrated Medical Dictionary 885; 936 (Elsevier 2012) (1900) (Hyper: "a prefix meaning above, beyond, more than normal, or excessive."); (Infiltration: "the pathological accumulation in tissue or cells of substances not normal to it or in amounts in excess of the normal.").

3 Dorland's Illustrated Medical Dictionary 530 (Elsevier 2012) (1900) (Chronic obstructive pulmonary disease (COPD): "any disorder characterized by persistent or recurring obstruction of bronchial air flow, such as chronic bronchitis, asthma, or pulmonary emphysema.").

"constant coughing was a warning something was wrong." (DE 30, p. 3). She submits medical records from 2011, including a report from March 2011 when a provider documented that:

> [T]here is a large lung mass in the *right* lung…the patient has had this for some time. He recently complained…of chronic cough but upon further investigation…he has had [this] problem for at least a couple of years. He had not had any workup at this facility. Therefore a chest x-ray was ordered which showed the large mass.

(DE 20-1, p. 10) (emphasis added). It is apparent from the 2011 records that multiple pages are missing. (DE 20-1, pp. 1-11). Earlier medical records are also absent. Nonetheless, the plaintiff asserts that the records document her husband's coughing symptoms from 2005 to 2008. (DE 20, p. 1). The plaintiff goes on to argue that a *pro se* plaintiff is entitled to "a little leniency." (DE 30, p. 2). She also argues that her claim arises out of medical battery or negligence and, therefore, does not require an expert witness (DE 30, p. 2). She argues that since an expert witness is not required, "there is no need for a certificate of good faith." (DE 30, p. 2).

The defendants argue that the plaintiff's claim must be dismissed for failure to state a claim because she failed to file a certificate of good faith, as required under TENN. CODE ANN. § 29-26-122. (DE 22).

### III.      Legal Standard

Federal Rule of Civil Procedure (FED. R. CIV. P.) 12(b)(6) governs motions to dismiss for failure to state a claim. "Rule 12(b)(6) does not countenance...dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable…." *Bell Atl. Corp.*, 550 U.S. at 556. The Court "must view the complaint in the light most favorable to the plaintiff…." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "When

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555; 570. Moreover, the General Rules of Pleading, FED. R. CIV. P. 8(a)(2), "require[] only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Tackett*, 561 F.3d at 488 (citation omitted).

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court will also "consider documents filed after the complaint as part of the pleadings…." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (citations and internal quotations omitted).

## IV.     Analysis

Although the United States is generally immune from being sued, the FTCA, "amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988…, provides that a suit against the United States shall be the exclusive remedy for persons who wish to bring claims for damages resulting from negligent acts of federal employees committed within the scope of their employment." *Sykes v. United States,* 507 F. App'x 455, 460 (6th Cir. 2012). The liability of the United States pursuant to such a claim is the same as it would be for "a private individual under like circumstances." 28 U.S.C. § 2674. In other words, "the FTCA does not

*create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" *Myers v. United States,* 17 F.3d 890, 899 (6th Cir. 1994) (citing 28 U.S.C. § 2674). The FTCA confers jurisdiction on federal district courts to adjudicate claims brought pursuant to the FTCA. 28 U.S.C. § 1346(b)(1).

"In analyzing claims brought pursuant to the FTCA, a [federal district] court must apply the substantive law of the state in which the incident occurred…." *Shipp v. United States,* 212 F. App'x 393, 397 (6th Cir. 2006). In Tennessee, that substantive law includes Tennessee's Medical Malpractice Act, TENN. CODE ANN. §§ 29–26–101 to -122 ("TMMA"). Not every claim that involves a medical case constitutes a claim to which the TMMA applies.

> It is, of course, the responsibility of the courts to ascertain the nature and substance of a claim. The designation given those claims by either the plaintiff or the defendant is not determinative…Nevertheless, a single complaint may be founded upon both ordinary negligence principles and the medical malpractice statute. ***The TMMA applies only to those alleged acts that bear a substantial relationship to the rendition of medical treatment by a medical professional, or concern medical art or science, training, or expertise***. If there are additional acts or omissions alleged that do not bear a substantial relationship to medical treatment, require no specialized skills, or could be assessed by the trier of fact based upon ordinary everyday experiences, then the claims may be made under an ordinary negligence theory.

*Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011) (emphasis added). In cases where the TMMA applies, and in which expert testimony is required, a plaintiff must file a "certificate of good faith" with their complaint. TENN. CODE ANN. § 29-26-122:

> (a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel ***shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed***, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause…
>
> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice….

TENN. CODE ANN. § 29-26-122(a)-(c) (emphasis added). The certificate of good faith must establish that the plaintiff or the plaintiff's counsel has already consulted with a competent medical expert who has stated in writing that they believe "there is a good faith basis" for maintaining the action. TENN. CODE ANN. § 29-26-122(a)(1)(B), (a)(2)(B). Moreover, failure to comply with this requirement ***shall*** result in the case being dismissed as emphasized above. Courts have "excused such a failure under…compelling circumstances [such as where]…the plaintiff had executed a medical authorization to release her medical records but did not obtain 'any' such records from that attempt." *Craigmyle v. United States*, 2:13-CV-02820-SHM, 2014 WL 5343643, at *5 (W.D. Tenn. May 9, 2014) report and recommendation adopted, 2:13-CV-02820-SHL, 2014 WL 5343645 (W.D. Tenn. Oct. 20, 2014) (citing *Truth v. Eskioglu,* 781 F.Supp.2d 630 (M.D. Tenn. 2011)). To be clear, after a defendant has filed a proper motion to dismiss, it is the plaintiff who has the burden of showing "either that it complied with the [TMMA] or that it had extraordinary cause for failing to do so." *Myers v. AMISUB (SFH), Inc.,* 382 S.W.3d 300, 307 (Tenn. 2012).

The certificate of good faith "is only required in health care actions where expert testimony is required to establish malpractice under § 29–26–115 of the Tennessee Code…." *Burns v. United States*, 542 F. App'x 461, 463 (6th Cir. 2013).

> A plaintiff does not need expert testimony to prove any of the elements under the TMMA…: (1) where the acts…complained of are within the ken of the common layman…, or (2) where the doctrine of *res ipsa loquitur* applies. When a plaintiff proceeds on either of these theories in a health care liability action, no good faith certificate is required.

*Burns*, 542 F. App'x at 464 (citation and internal quotation omitted). "With regard to the common knowledge exception, the leaving of a sponge or surgical instrument in a patient's body has long been held by Tennessee courts to be negligence within the common knowledge of

ordinary laymen." *Carver v. United States*, 3:04-0234, 2005 WL 2230025, at *9 (M.D. Tenn. Aug. 30, 2005). With regard to the *res ipsa loquitur* exception, "[n]umerous Tennessee cases have stated the proposition that [§ 29–26–115(c)] is essentially a codification of the common law doctrine of res ipsa loquitur." *Carver*, 3:04-0234, 2005 WL 2230025, at *8 (citing *See Seavers v. Methodist Medical Center of Oak Ridge,* 9 S.W.2d 86, 93 (Tenn. 1999)). The *res ipsa loquitur* exception requires the plaintiff to show that "the thing [causing the harm] is…under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care…." *Carver*, 3:04-0234, 2005 WL 2230025, at *8 (citing *McConkey v. State,* 128 S.W.3d 656, 659-60 (Tenn. Ct. App. 2003). This Court has required expert testimony in cases in which the plaintiffs allege, as here, that medical providers failed to timely discover, diagnose, and treat the plaintiff's cancer. *Carter*, 3:11-0930, 2014 WL 1630824.

Here, the undersigned has considered the pleadings, the plaintiff's letter to the defendant, and the response to the instant motion (DE 1; 20; 30). However, ultimately the plaintiff has not met the requirements of the TMMA and her claim cannot survive the motion to dismiss.

Although the plaintiff argues that the TMMA does not apply because the cause of action herein is for medical battery or negligence, "[t]he designation given…by either the plaintiff or the defendant is not determinative." *Estate of French*, 333 S.W.3d at 557. Instead, the TMMA applies to cases where, as here, the alleged acts "bear a substantial relationship to the rendition of medical treatment by a medical professional, or concern medical art or science, training, or expertise." *Estate of French*, 333 S.W.3d at 557. Here, the plaintiff alleges that providers at the VA medical center failed to recognize that her husband's symptoms were indicative of a problem that required further evaluation, failed to order an x-ray to investigate the source of his coughing,

and failed to refer her husband to a pulmonologist (DE 1; 20; 30). The actions of evaluating, diagnosing, ordering x-ray studies, and making referrals require specialized skills and training directly related to the delivery of medical treatment by a medical professional. They are hardly "acts or omissions…that…could be assessed by the trier of fact based upon ordinary everyday experiences…." *Estate of French*, 333 S.W.3d at 556. Therefore, the TMMA unequivocally applies to the cause of action herein.

Moreover, the Court would require expert testimony here, as in *Carter*, where this Court required expert testimony in a case involving the failure to timely diagnose the plaintiff's breast cancer. *Carter*, 3:11-0930, 2014 WL 1630824. Even taking the facts alleged herein as true and in the light most favorable to the plaintiff, they do not implicate either the common knowledge exception or the *res ipsa loquitur* exception to the expert witness requirement.

The plaintiff argues that medical providers failed to order necessary testing and failed to respond appropriately to the plaintiff's presentation of symptoms. She argues that providers failed to interpret an x-ray report and failed to inform the plaintiff's husband of the contents of that report. Moreover, the x-ray report from 2006 indicates that there were findings in the left lung, while the plaintiff's husband was ultimately diagnosed with a large mass in his right lung (DE 30-1, p. 1; DE 20-1, p. 10). These facts raise the issue of the medical significance of that x-ray report and the issue of whether the provider failed to act accordingly, issues far beyond the common knowledge of laymen and far more complex than the case of an obviously mislaid surgical sponge. Finally, the plaintiff has failed to plead or provide facts to support either prong of the *res ipsa loquitur* exception.

Therefore, since the TMMA applies and expert testimony is required, a certificate of good faith is required. The plaintiff has failed to provide such a certificate and does not argue

that the failure was due to being unable to obtain copies of the records. Quite to the contrary, the plaintiff asserts that she has "read every one of [her husband's] files…." (DE 20, p. 2). Nor has the plaintiff alleged any "extraordinary cause" as an excuse for the failure to file a certificate of good faith. Therefore, the plaintiff has failed to meet the statutory requirements pursuant to TENN. CODE ANN. § 29-26-122(a) and failed to meet an exception or provide an appropriate cause by which the Court could excuse the failure.

## V.     Conclusion

For the reasons explained herein, the Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss be **GRANTED** and that this action be dismissed with prejudice.

The parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. FED. R. CIV. P. 72(b)(2). A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 4th day of December, 2014.

s/John S. Bryant_____
John S. Bryant
U.S. Magistrate Judge
