UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA E. BROOKS, *for* *Jesse W. Brooks Estate*, | ) ) ) |
| Plaintiff, | ) No. 3:14-cv-00159 ) Chief Judge Sharp |
| v. | ) ) |
| UNITED STATES VA ADMINISTRATION, | ) ) |
| Defendant. | ) |

**M E M O R A N D U M**

On December 4, 2014, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 31) on the defendant's motion to dismiss filed on August 29, 2014 (Docket No. 21), recommending that the motion be granted and that this action be dismissed with prejudice.

Pending before the court are Objections to the R&R timely filed by the plaintiff (Docket No. 40), a response filed by the defendant (Docket No. 42), and the plaintiff's reply to that response (Docket No. 43). For the reasons discussed below, the court finds that the plaintiff's Objections lack merit and should be overruled.

**I.       Introduction**

Plaintiff Wanda E. Brooks brought this *pro se* action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA"), alleging that medical providers with the Department of Veteran's Affairs ("VA") failed to diagnose her husband's cancer, resulting in his wrongful death. (Docket No. 1). By order entered on January 29, 2014, this case was referred to the Magistrate Judge to recommend ruling on any dispositive motion. (Docket No. 7).

On August 29, 2014, the defendant filed a motion to dismiss (Docket No. 21) and a

1

memorandum in support thereof (Docket No. 22). The defendant contends that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiff has failed to state a claim upon which relief can be granted. In addition, the defendant contends that the United States is entitled to dismissal because the plaintiff failed to file the certificate of good faith required by Tennessee Code Annotated § 29-26-122.

In response, the plaintiff urges the court not to dismiss her case, alleging that she is entitled to leniency as a *pro se* plaintiff, that a certificate of good faith is not required under the circumstances of this case, and that she has medical proof that the defendant did not diagnose and treat her late husband's cancer properly. (Docket No. 30 at pp. 1-2).

## II. Report and Recommendation

In the R&R (Docket No. 31), the Magistrate Judge first recommends that the court terminate the "United States VA Administration" as a defendant and insert the United States as the proper defendant to this action. (*Id.* at p. 1). Next, the Magistrate Judge recommends that the defendant's motion to dismiss be granted because the plaintiff is required to file a certificate of good faith under Tennessee Code Annotated § 29-26-122 and that the plaintiff has failed to file such a certificate. (*Id.* at p. 3). The Magistrate Judge notes that the plaintiff has not alleged that her failure to provide such a certificate is due to being unable to obtain copies of the records or any other "extraordinary cause." (*Id.* at p. 8). Because the plaintiff has failed to meet the statutory requirements pursuant to Tennessee Code Annotated § 29-26-122 and has not provided an excuse for failing to provide the certificate of good faith required by Tennessee law, the Magistrate Judge recommends that this action be dismissed with prejudice. (*Id.*)

## III. Standard of Review

2

Here, the Magistrate Judge's R&R concerns a dispositive pretrial matter. Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard. *Id.*; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## IV.     Plaintiff's Objections to the R&R

The plaintiff has filed Objections to the Magistrate Judge's recommendation to dismiss this action. (Docket Nos. 40, 43).[1]

The plaintiff's first Objection is that she should not be required to file a certificate of good faith in this case. It is undisputed that the plaintiff did not file a certificate of good upon the filing of her complaint.

As the Magistrate Judge explained, when analyzing claims brought pursuant to FTCA, a federal district court must apply the substantive law of the state in which the incident occurred. (Docket No. 31 at p. 9)(citing *Shipp v. United States*, 212 F. App'x 393, 397 (6th Cir. 2006)). In Tennessee, malpractice actions are governed by the Tennessee Medical Malpractice Act, Tenn. Code. Ann. §§ 29-26-101 to -122 ("TMMA"). Section 122 of the TMMA provides:

> (a)     In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested in § 29-26-121 or demonstrated extraordinary cause . . . .

Tenn. Code Ann. § 29-26-122(a).     In the certificate, the plaintiff must state that he or she has

---

[1]The plaintiff does not object to the Magistrate Judge's recommendation to terminate the "United States VA Administration" as a defendant and insert the United States as the proper defendant. (Docket Nos. 40, 43).

3

consulted with a medical expert who has provided a written statement confirming that there is a good faith basis for the plaintiff's action. Tenn. Code Ann. § 29-26-122(a)(1)(B), (a)(2)(B). Subsection (c) of section 122 provides:

> The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice . . . .

*Id*. § 29-26-122(c).

As the Magistrate Judge correctly explained, the certificate of good faith requirements applies to those alleged acts that bear a substantial relationship to the rendition of medical treatment by a medical professional or concern medical art or science, training, or expertise. *Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011). The misdeeds alleged in this case occurred in a medical facility and are substantially related to medical procedures by medical professionals. The plaintiff's claim that the defendant medical providers failed to timely discover, diagnose, and treat her late husband's lung cancer cannot be assessed on the basis of common everyday experience.

The plaintiff asserts that the certificate of good faith requirement does not apply to this action because no expert proof is required for her claim. In other words, the plaintiff believes that no expert opinion is reasonable or necessary to determine the cause of injury. However, in medical malpractice cases, the negligence of a defendant physician usually must be proved by expert testimony. *Chambliss v. Stohler*, 124 S.W.3d 116, 119 (Tenn. Ct. App. 2003). Such testimony must rest upon the expert's personal knowledge in an area in which the expert is competent to testify. *Id.* Establishing the professional standard of care requires expert testimony. *Richardson v. Miller*, 44 S.W.3d 1, 15-16 (Tenn. Ct. App. 2000).

The plaintiff argues that expert testimony is not needed because a jury could infer negligence under these circumstances. (Docket No. 40 at p. 1). Yet, courts have adopted a restricted view of *res ipsa loquitur* claims in medical malpractice cases. *Seavers v. Methodist Medical Center of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). Claimants have been permitted to use *res ipsa loquitur* only in those cases where the proof is such that the jury can reasonably infer from common knowledge and experience that the defendant was negligent. *Id.*

In this case, the plaintiff alleges that the VA medical providers failed to recognize that her husband's symptoms were indicative of a problem that required further evaluation, failed to order an x-ray to investigate the source of her husband's cough, and failed to refer her husband to a pulmonologist. (Docket No. 1 at pp. 20, 30). The plaintiff would have to prove that the medical providers' actions in evaluating, diagnosing, ordering x-ray studies, and making referrals to specialists fell below the standard of care. These facts cannot be inferred or presumed, and this subject matter involves complicated and technical or scientific information which is beyond the general knowledge of a lay jury. For these reasons, the court agrees with the Magistrate Judge's finding that the plaintiff's medical malpractice claims require expert testimony under the TMMA. Therefore, these medical malpractice claims require the plaintiff to file a certificate of good faith under Tenn. Code Ann. § 29-26-122.

The plaintiff does not argue that her failure to file such a certificate was due to being unable to obtain copies of her husband's medical records. Nor has she alleged any "extraordinary cause" as an excuse for her failure to file a certificate of good faith. Consequently, the court agrees with the Magistrate Judge that the plaintiff has failed to meet the statutory requirements pursuant to Tenn. Code Ann. § 29-26-122(a) and has failed to meet an exception or provide an appropriate cause by

which the court could excuse her failure.

Second, the plaintiff objects to the Magistrate Judge's recommendation that her case should be dismissed for failure to submit a certificate of good faith because, contemporaneously with the filing of the plaintiff's Objections, the plaintiff filed a certificate of good faith and a letter from Robert Miller, M.D., Associate Professor of Medicine at Vanderbilt University, in support of the certificate of good faith. (Docket Nos. 39, 40 at p. 2).[2]

The certificate and the letter from Dr. Miller were filed on January 8, 2015, <u>almost a year after the plaintiff filed her complaint</u>. The Tennessee Supreme Court unequivocally has held "that the statutory requirements that a plaintiff give sixty days pre-suit notice and file a certificate of good faith <u>with the complaint</u> are mandatory requirements and not subject to substantial compliance." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 304 (Tenn. 2012)(emphasis added). Thus, the plaintiff's submission of a certificate of good faith nearly a year after the filing of her complaint fails to satisfy the statutory's mandatory requirements and mandates a dismissal with prejudice. *See id.*

However, even if the court were inclined to accept the untimely filed certificate of good faith and Dr. Miller's letter at this state of the proceedings, these submissions do not qualify as an expert's finding that, after having reviewed the record, there is a good faith basis for maintaining the action, as required by the TMMA. Dr. Miller's letter does not state that the VA medical providers' actions or inactions potentially made Mr. Brooks the victim of medical practice. The letter fails to mention the standard of care or potential non-compliance with the appropriate standard of care in this case. *See Craigmyle v. United States*, No. 2:13-CV-02820-SHM, 2014 WL 5343645, at **2-3 (W.D. Tenn. Oct. 20, 2014)(adopting the Magistrate Judge's R&R in which the Magistrate

---

[2]At the time the Magistrate Judge entered his R&R, the plaintiff had not submitted a certificate of good faith and the letter of Robert Miller, M.D. in support of the certificate of good faith. (Docket No. 39).

Judge found that plaintiff's purported certificate of good faith failed to meet the statutory requirement of § 29-26-122 because the "[t]he physician's statement that was provided fails to establish that there was a good faith basis for maintaining this suit.").

The court acknowledges the plaintiff's great loss. However, as unfortunate as the plaintiff's circumstances, her late attempt to correct her failure to submit the required certificate of good faith as required by the TMMA fails. Because filing a compliant certificate of good faith is a statutory requirement that must be met in order for the plaintiff's case to proceed, and the plaintiff has not filed such a certificate, the plaintiff's action may not go forward.

**V.     Conclusion**

After reviewing the pleadings and the record, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on December 4, 2014, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the defendant's motion to dismiss should be granted. Therefore, the plaintiff's Objections will be overruled, and the R&R will be adopted and approved.

An appropriate order will follow.

Kevin H. Sharp
Chief United States District Judge